# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1784
_____

| | | |
|---|---|---|
| Raque Sterling/Sayyed, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| James Banks, Assistant Warden, | * | District Court for the Eastern |
| Varner Super Max, ADC; Ray Hobbs, | * | District of Arkansas. |
| Assistant Chief, Deputy Director, | * | |
| Arkansas Department of Correction; | * | [UNPUBLISHED] |
| T. Rochelle, Classification Officer, | * | |
| Varner Super Max, ADC; E. Scott, | * | |
| Classification Officer, Varner Super | * | |
| Max, ADC; J. W. Via, Captain, | * | |
| Varner Super Max, ADC; Ricky | * | |
| Toney, Warden, Varner Super | * | |
| Max, ADC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  June 12, 2003
Filed: August 6, 2003
_____

Before BOWMAN, BYE, and SMITH, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Raque Sterling/Sayyed (Sayyed) appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action. Sayyed alleged in his pro se complaint that defendants denied him due process in connection with an incident report that resulted in the loss of seven days of commissary, visitation, and telephone privileges, and a later classification hearing that resulted in his demotion from Incentive Level Three to Incentive Level One. He also alleged that he was denied a subscription to the newspaper of his choice in violation of the First Amendment and equal protection.

Upon de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we conclude the following. Sayyed's claim that he was denied due process fails for lack of allegations showing that his reduction to Level One status and the temporary loss of certain privileges amounted to an atypical and significant hardship. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); cf. Kennedy v. Blankenship, 100 F.3d 640, 642 n.2, 643 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges). His equal protection claim also fails because he did not allege that he was treated differently than similarly situated inmates. See Weiler v. Purkett, 137 F.3d 1047, 1051-52 (8th Cir. 1998) (en banc) (elements of equal protection claim). Thus, we affirm the dismissal of the due process and equal protection claims against all defendants, and we modify the dismissal of the claims as to T. Rochelle, E. Scott, and J. Via to be with prejudice.

The district court dismissed the First Amendment claim because Sayyed had not alleged who denied him his newspaper of choice or who was responsible for the policy limiting him to a particular newspaper. However, the attachments to Sayyed's complaint--which he pointed to in his objections to the magistrate judge's report--

show that defendants Rick Toney and Ray Hobbs were involved in implementing and enforcing the newspaper policy. We therefore conclude that Sayyed stated a First Amendment claim against Toney and Hobbs. See Turner v. Safley, 482 U.S. 78, 89 (1987) (inmates have First Amendment right to receive mail, but right may be limited by prison regulations that are reasonably related to legitimate penological objectives). Thus, we reverse the dismissal of this claim as to these defendants and remand for further proceedings. See Cooper, 189 F.3d at 784 (reversing § 1915A dismissal of inmate's First Amendment claim that he was denied access to printed materials, including "all magazines" and legal and religious materials; given allegation that prisoner was denied publications, prison was obligated to proffer legitimate reason for decision to deny these materials).

Accordingly, we affirm in part with the above-noted modification, reverse in part, and remand.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.